# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NICOLOS TUM GREGORIO | MAGISTRATE NO. 25-1096 |

## GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

The defendant, Nicolos Tum Gregorio, a citizen and national of Guatemala, was previously removed from the United States, and now, having returned illegally, faces federal prosecution for illegal reentry and again faces removal. The defendant has additionally been convicted of two criminal offenses in the last three years, the most recent a DUI conviction stemming from a serious car accident, caused by the defendant, where he fled the scene of the accident on foot. His blood alcohol content was .269, which is more than three times the legal limit. There were nine empty Coors Light cans in the car and a full can of beer in the cup holder.

The nature of the defendant's crime, along with his demonstrated disregard for the law and prior court orders, and the consequences of a conviction, demonstrate by a preponderance of the evidence that the defendant poses a substantial risk of flight and that no condition or combination of conditions will reasonably assure his appearance as required. Therefore, the government moves pursuant to 18 U.S.C. § 3142(e) and (f) for a detention hearing and pretrial detention of the defendant.

## I. THE FACTS

In support of this motion, the government makes the following representations and proposed findings of fact:

### A. Probable Cause And The Evidence In This Case

There is probable cause to believe that the defendant has violated Title 8, United States Code, Section 1326(a) as charged in the criminal complaint filed on May 29, 2025. Indeed, the evidence in this case is strong. The defendant is a citizen and national of Guatemala. After entering the United States illegally, the United States Border Patrol ("USBP") encountered the defendant on March 1, 2020, near Abilene, Texas. USBP issued an order of Expedited Removal to Guatemala. The defendant was removed to Guatemala via the Houston, Texas airport on October 12, 2020. At the time of his removal, a Form I-296, Notice to Alien Ordered Removed/Departure Verification, was executed, informing the defendant that he was not to return to the United States without lawful permission.

The defendant disregarded these warnings and, on an unknown date, reentered the United States without inspection by an immigration officer. On October 1, 2022, the defendant was found in the United States when he was encountered by the West Norriton Township Police Department and arrested for retail theft. He was later convicted of this offense.

Additionally, on January 30, 2024, the defendant was arrested in Montgomery County for driving under the influence and causing an accident involving death or injury. At approximately 8:08 p.m. that evening, the defendant crashed into the back of the victim's vehicle driving 35 to 40 mph while the victim was stopped at a red light. The airbags deployed in both cars. The victim suffered injuries to her head, neck, back, legs, and eye. When police arrived, the victim told them the defendant fled the scene. Police noticed that the car the defendant was driving was

still running and in drive. Officers located the defendant under a tree line nearby, conscious but visibly intoxicated (slurring words, bloodshot eyes, and an odor of alcohol). The defendant failed all six field sobriety tests and was arrested. Later blood alcohol testing indicated that the defendant's BAC was .269, which is more than three times the legal limit. Inside of the car, police observed nine empty cans of Coors Light and a full can of beer in the cup holder.

The vehicle the defendant was driving was reported stolen the day after the accident. The owner told police that he did not give the defendant permission to use the vehicle. The defendant was ultimately convicted of "DUI: Highest Rate of Alcohol (BAC .16+)," an ungraded misdemeanor, and sentenced to six months' probation on September 26, 2024.

A search of Department of Homeland Security databases revealed that the defendant did not seek permission of the United States Attorney General, or his successor, the Secretary of the Department of Homeland Security, for permission to reapply for admission to the United States following his 2020 removal.

B. **Maximum Penalties**

The total maximum penalty the defendant faces is two years' imprisonment, a $250,000 fine, up to one year of supervised release, and a $100 special assessment. If convicted, the defendant will almost certainly be deported.

C. **Characteristics of the Defendant**

The defendant has strong ties to Guatemala, since he is a citizen and national of that country. Aside from self-reporting from the defendant, it is virtually impossible to know how long he has been present in the Eastern District of Pennsylvania, where he has traveled to, and his relational ties to other countries. The initial pre-trial services report indicated that the defendant's immediate family resides in Guatemala.

## II.   LEGAL ARGUMENT

There are no conditions of release that will reasonably assure the appearance of the defendant. To determine whether such conditions exist, the Court is required to "take into account the available information concerning" four factors. 18 U.S.C. § 3142(g). First, the court must examine the "nature and circumstances of the offense charged […]." *Id.* § 3142(g)(1). Second, it must look at the "weight of the evidence against the person." *Id.* § 3142(g)(2). Third, it must examine the history and characteristics of the defendant. *Id.* § 3142(g)(3). Finally, it must weigh "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* § 3142(g)(4).

Other courts consider the following four factors: "(i) incentives to flee; (ii) ability to flee; (iii) ties to the jurisdiction and the United States; and (iv) reliability and trustworthiness of the defendant." *United States v. Figueroa-Alvarez*, 681 F. Supp. 3d 1131, 1140 (D. Idaho 2023); *see United States v. Hernandez-Us*, Crim. No. 25-45, 2025 WL 918695, at *8 (W.D. Pa. Mar. 26, 2025) ("[T]he Court believes that the factors identified in *Figueroa-Alvarez* are instructive and helpful in conducting the analysis and it will consider those factors here."); *United States v. Molina-Orantes*, Crim. No. 25-79, 2025 WL 1177654, at *13-14 (D. Or. Apr. 23, 2025) (denying the government's motion for a detention hearing based on consideration of the *Figueroa-Alvarez* factors). A balancing of these factors favors detention pending the return of any indictment in this case.

The first and second factors weigh heavily in favor of detention. First, the nature of the defendant's § 1326 charge demonstrates his disregard of the law because his reentry into the country is made in violation of multiple prior orders of removal. *See Figueroa-Alvarez*, 681 F. Supp. 3d at 1141 ("Certainly, an [undocumented] defendant's illegal reentry into the United

States after removal is indicative of his or her general disregard for the law and court order."). Second, the weight of the evidence weighs in favor of an incentive to flee because, in a § 1326 prosecution, "the weight of the evidence depends upon the integrity of the prior removal proceedings," which does not appear to be an issue here. *Id.* ("[T]he weight of the evidence in most § 1326 prosecutions is strong.").

The third and fourth factors also weigh heavily in favor of detention. The defendant has a proven history of violating the law, as well as ignoring instructions by government agencies and courts. At the time the defendant was initially deported from the United States, he was issued written warnings that he may not return without the approval of the Attorney General or the Secretary of Homeland Security. Despite this, he returned. And, while in the United States, for at least the second time without permission or documentation, the defendant broke the law. He was arrested for DUI, after actually injuring another person.

The facts and circumstances surrounding his DUI arrest are particularly troubling. The defendant, knowing he was present in the country illegally and had already been convicted of a criminal offense in Pennsylvania, was driving around drinking copious amounts of alcohol with no regard for the safety of others. The defendant then fled from the scene on foot, in an attempt to evade law enforcement.

### III. CONCLUSION

It is apparent that pretrial detention is warranted for a defendant such as Nicolas Tum Gregorio. The defendant has repeatedly entered the United States illegally, ignoring written warnings not to do so. Detention is warranted here as it is the only means to secure his appearance in court and protect the community.

WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

> Respectfully submitted,
>
> DAVID METCALF
> United States Attorney
>
>
> */s/ Ashley N. Martin*
> Ashley N. Martin
> Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NICOLOS TUM GREGORIO | MAGISTRATE NO. 25-1096 |

**PRETRIAL DETENTION ORDER**

AND NOW, this          day of June, 2025, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

    (a)    the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because:

    1.    There is probable cause to believe that the defendant has violated 8 U.S.C. § 1326(a), as charged in the criminal complaint dated May 29, 2025.

    2.    The evidence in this case is strong. The defendant is a citizen and national of Guatemala who was deported once in the past. The defendant then illegally reentered the United States without lawful permission.

    3.    The total maximum statutory penalty the defendant faces is two years' imprisonment. Accordingly, the defendant has a substantial incentive to flee.

4. The defendant is not a United States citizen and faces deportation, increasing the risk that the defendant will not appear as required by the Court.

5. The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, increases the high risk that the defendant will not appear as required by the Court

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HONORABLE ELIZABETH T. HEY
United States Magistrate Judge

CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Pretrial Detention, and Proposed Order was served by ECF and electronic mail to the following defense counsel:

Elizabeth Toplin, Esq.
Elizabeth_Toplin@fd.org


*/s/ Ashley N. Martin*
Ashley N. Martin
Assistant United States Attorney

Date:   June 4, 2025